IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00175-ZLW-MEH

DAVIS AUDIO VISUAL, LLC,

    Plaintiff,

v.

RICHARD GREER,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Defendant's Motion to Quash or Modify Subpoenas and for the Entry of Protective Order [filed April 21, 2009; docket #30] and Event Technology Services, LLC's Motion to Quash or Modify Subpoenas and for the Entry of Protective Order [filed April 23, 2009; docket #32]. These matters are fully briefed and referred to this Court for disposition. (Dockets #31, 33.) Oral argument would not assist the Court in adjudicating the Motions. For the reasons below, the Court **DENIES WITHOUT PREJUDICE** Defendant and Event Technology Services, LLC's Motions to Quash or Modify Subpoenas and for the Entry of Protective Order .

**I.**    **Background**

Plaintiff brings claims for misappropriation of trade secrets, breach of the duty of loyalty, civil conspiracy, and common law unfair competition against Defendant, arising from Defendant's employment with Plaintiff and his subsequent alleged actions after the employment relationship ended. (*See* docket #1-2.) Defendant counterclaims against Plaintiff, asserting promissory estoppel against Plaintiff for promises made when Defendant worked for Plaintiff and that Plaintiff's suit abuses the judicial process. (*See* docket #3.)

Defendant's Motion contests the issuance of subpoenas for the production of documents by Plaintiff on the following entities: 1) the American Roentgen Ray Society through the U.S. District Court for the Eastern District of Virginia, 2) C&M Conference Management through the U.S. District Court for the District of Colorado, 3) Datatel, Inc., through the U.S. District Court for the Eastern District of Virginia, 4) the International Society of Hair Restoration Surgery through the U.S. District Court for the Northern District of Illinois, 5) Meeting Management Solutions, Inc. through the U.S. District Court for the Northern District of Illinois, 6) Event Technology Services, LLC through the U.S. District Court for the Northern District of Texas, and 7) Ed Berru (an individual, also subpoenaed for testimony) through the U.S. District Court for the Northern District of Texas.  (Dockets #30-2, 30-3, 30-4, 30-5, 30-6, 30-7, 30-8.)  Defendant states that the first five listed entities above are present customers of Defendant; the sixth, Event Technology Services, LLC ("ETS"), currently employs Defendant; and the seventh subpoena is to Mr. Berru, who is a co-worker of Defendant.  (Docket #30 at 1.)  Defendant believes the subpoenas are "extremely broad and will subject these non-parties to a heavy burden in responding."  (*Id*.)  Defendant seeks a protective order limiting the discovery of information that Defendant alleges is proprietary and confidential.  (*Id*. at 2.)  Alternately, Defendant concedes to an "attorneys' eyes only" limitation, if the Court determines such information should be produced.  (*Id*. at 3.)

ETS is a non-party to this action and currently employs Defendant.  ETS also requests the Court to quash or modify the identified subpoenas and to issue a protective order based on confidential and proprietary information.  (Docket #32 at 2-3.)  ETS further contends the scope of the information requested implicates hardship and expense for the non-parties involved.  (*Id*. at 5.)  ETS submits this Motion on behalf of itself, its employee Mr. Berru, and its customers including Datatel, Inc., the International Society of Hair Restoration Surgery, Meeting Management Solutions, Inc., the American College of Phlebology, the American Roentgen Ray Society and C&M

2

Conference Management. (*Id*. at 1-2.)

In response to both Motions, Plaintiff argues the Court lacks jurisdiction to quash or modify the subpoenas under Rule 45 of the Federal Rules of Civil Procedure, as subpoenas must be enforced by the issuing court. (Docket #38 at 3.) However, Plaintiff does believe a ruling by the Court on the request for a protective order would benefit all interests in this matter. (*Id*. at 5.) Plaintiff concedes it would not object to the redacting of confidential pricing information in the documents produced. (*Id*. at 6.) Plaintiff asserts the information it seeks is indeed relevant to the claims at hand and appropriately limited in temporal scope. (*Id*. at 6-10.) Plaintiff requests the Court to order that "(1) the documents sought in the subpoenas are reasonably calculated to lead to the discovery of admissible evidence, and (2) only pricing information may be redacted from the requested documents." (*Id*. at 11.) Defendant and ETS' replies echo their arguments presented in the initial Motions. (*See* dockets #43, 44.)

**II.   Discussion**

To the extent the Motions presently before the Court seek to quash or modify the subpoenas issued through any district other than the District of Colorado, the Court denies such requests without prejudice. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), only "*the court by which a subpoena was issued*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir.1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). Subpoenas issued under Rule 45 "constitute process of the issuing court, and are enforced by that same court." *In re Matter of Certain Complaints under Investigation*, 783 F.2d 1488, 1495 (11th Cir.), *cert. denied*, 477 U.S. 904 (1986). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued

3

from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.  Consequently, pursuant to Rule 45, this Court lacks jurisdiction to consider modifying or quashing the subpoenas issued from other districts in this matter.  Considering the single subpoena issued from the District of Colorado, Plaintiff represents to the Court that C&M Conference Management did not object to the subpoena and in fact, provided the requested documents, rendering moot Defendant and ETS' requested relief regarding the subpoena issued to C&M.  (Docket #38 at 3.)

Review of the parties' briefing indicates to the Court that a protective order, although potentially necessary in this matter, is premature.  Plaintiff agrees to the redaction of confidential pricing information, and both sides acquiesce to designation of the sought documents as "attorneys' eyes only."  Thus, the Court believes two courses of action in this matter would be useful to the parties before the imposition of an order.  First, many parties in this district draft and submit a stipulated protective order in a commonly-filed format.  The Court recommends to the parties that they confer regarding the entry of a stipulated protective order governing confidentiality and proprietary information in this matter.  Second, at least at this stage of the litigation, the Court perceives the requested documentation to be relevant to the claims raised, even though broadly couched.  As Plaintiff aptly points out, "every recipient of every subpoena ever served" could assert the burden of expense of producing the documents sought.  (Docket #38 at 11.)  The Court believes an efficient method to conduct discovery in this matter would be for Defendant and any nonparty to redact allegedly confidential information, record the redactions or withholdings in a privilege log, and produce the remaining documentation.  If continued disputes arise, a motion for protective order precluding further exposure of contested information from Defendant, or a motion to compel from Plaintiff, may be more appropriate at that time.

This conclusion follows the Court's reasoning in *Jennings v. Short-Elliott-Hendrickson, Inc.*, No. 05-cv-01056-LTB-MEH, 2007 WL 2045497 (D. Colo. July 10, 2007). In *Jennings*, the Court denied without prejudice a motion for protective order which the Court construed as a motion to quash subpoena. Even though the title of the motion requested relief in the form of a protective order premised on the assertions of privacy, confidentiality and privilege, the effect would be to quash the subpoena *duces tecum* issued outside of this district pursuant to Fed. R. Civ. P. 45(c)(3)(A), therefore the Court found it lacked jurisdiction to consider the motion. Likewise, Defendant and ETS premise the relief requested in this matter also on confidentiality and privilege, and the contested subpoenas arise from other districts; thus, the Court again lacks proper jurisdiction to decide a matter which would effectively quash or modify subpoenas pending outside of this district.

### III.     Conclusion

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Quash or Modify Subpoenas and for the Entry of Protective Order [filed April 21, 2009; docket #30] and Event Technology Services, LLC's Motion to Quash or Modify Subpoenas and for the Entry of Protective Order [filed April 23, 2009; docket #32].

Dated at Denver, Colorado, this 28th day of May, 2009.

                                                                BY THE COURT:


                                                                 s/ Michael E. Hegarty
                                                                Michael E. Hegarty
                                                                United States Magistrate Judge