IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-00175-ZLW-MEH

DAVIS AUDIO VISUAL, LLC,

      Plaintiff,

v.

RICHARD GREER,

      Defendant.

---

## ORDER

---

The matter before the Court is Defendant's Motion And Brief To Transfer Venue Pursuant To 28 U.S.C. § 1404 (Doc. No. 4).  The Court has determined that the motion can be resolved on the parties' briefs without a hearing.

Defendant requests that this action be transferred to the United States District Court for the Northern District of Texas, Dallas Division.  28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Courts look to factors including the following when determining a motion for transfer of venue under 28 U.S.C. § 1404(a):  (1) the plaintiff's choice of forum, (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process, (3) the cost of making the necessary proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy,

expeditious, and economical.[1]  "The party seeking to transfer a case has the burden of

proving that the existing forum is inconvenient, and the plaintiff's choice of forum should

be disturbed only when the balance of factors tips strongly in favor of transfer."[2]

## A.   Plaintiff's Choice of Forum

Under Tenth Circuit law, "[u]nless the balance [of considerations] is strongly in

favor of the movant the plaintiff's choice of forum should rarely be disturbed."[3]  Because,

as set forth below, Defendant has not made a strong showing that the other relevant

factors support a transfer of venue in this case, the Court gives Plaintiff's choice of

forum significant weight in this case.

## B.   The Accessibility of Witnesses and Other Sources of Proof

Defendant asserts that Dallas, Texas is the more convenient forum for

witnesses because the majority of the key witnesses in this case live in or near Dallas.

However, Defendant has identified only one witness who lives in or near Dallas: himself.

The only other witness whom Defenant identifies by name,[4] Ed Berru, apparently lives

in Henderson, Colorado.[5]  Of the three witnesses identified by Plaintiff, two live in

---

[1]See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).

[2]Bitler v. A.O. Smith Corp., 2001 WL 1579378, *1 (D. Colo. Dec. 10, 2001).

[3]Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992) (internal quotation and citation omitted).

[4]Defendant's reference to Event Technology Services, LLC (ETS) as a "witness" is not helpful since Defendant fails to identify any specific ETS employee who might be testifying and where he or she lives.

[5]Response to Defendant's Motion To Transfer Venue Pursuant to 28 U.S.C. § 1404 (Doc. No. 11) at Ex. 1 ¶ 6.

Colorado (Tim Dyer and Newell Bessendorfer), and one (Jose Cadena) is currently in

the process of moving from Texas to Colorado.[6]  Defendant has failed to show that the

convenience of the witnesses favors transferring this case to Dallas.

Defendant states in a conclusory fashion that "the majority of relevant

documents" are located in Texas,[7] but offers no supporting evidence or further detail

concerning what these documents are, where they are, or why the documents could not

be accessed in or easily sent to Colorado.[8]  There has been no showing that relevant

documents will be inaccessible or less accessible if this case remains in District Court in

Colorado.

Defendant also states that "[t]he compulsory process to secure attendance of

witnesses weighs in favor of transfer."[9]  However, again, the only non-Colorado witness

identified by Defendant is Defendant himself, and this Court has subpoena power over

Defendant in this action because he is a party.[10]  Defendant's argument concerning

service of process lacks merit.

---

[6]Id. ¶ 5.

[7] Defendant's Motion And Brief To Transfer Venue Pursuant To 28 U.S.C. § 1404 (Doc. No. 4) at 7.

[8]See e.g. Galvin v. McCarthy, 545 F. Supp. 2d 1176, 1183 (D. Colo. 2008) ("[Defendant] does not list the records that are located in Texas or explain why transmitting such records, either in paper or electronic form, to Colorado is more inconvenient than transferring the information within Texas. . . . Either way, the information and documentation will need to be copied or scanned and delivered to counsel for Plaintiff. Thus, [Defendant] has failed to show that the location of the evidence weighs in favor of transfer.").

[9]Defendant's Motion And Brief To Transfer Venue Pursuant To 28 U.S.C. § 1404 (Doc. No. 4) at 8.

[10]See Fed. R. Civ. P. 45(b)(2).

### C.      Cost

Defendant has not shown that proceedings in Colorado will cost more than proceedings in Dallas.  Defendant does contend that Plaintiff should be required to bear the cost of travel to another state for hearings and trial because Plaintiff "has ample financial resources" and Defendant "has few resources."[11]  However, Defendant has submitted no evidence in support of his contentions concerning the parties' respective financial resources.  Considerations of cost do not favor venue transfer in this case.

### D.       The Possibility of Obtaining a Fair Trial

Neither of the parties assert that they would be unable to obtain a fair trial in either Denver or Dallas.

### E.      Other Considerations

Defendant appears to argue that the "interests of justice" component of 28 U.S.C. § 1404(a) favors having a Texas jury hear the trial of this case because, according to Defendant, the events that are the subject of the action took place in or near Dallas. Plaintiff, on the other hand, argues that many of the central events in this case occurred in Colorado.  It may be the case that some relevant events took place in Colorado and some took place in or near Dallas; at this early stage in the proceedings, the Court cannot make that determination conclusively.  Further, Defendant has not

---

[11]Defendant's Motion And Brief To Transfer Venue Pursuant To 28 U.S.C. § 1404 (Doc. No. 4) at 7.

explained why the facts in this case have some material characteristic of locality which makes them better suited to determination by a Texas jury than by a Colorado jury.[12]

The applicable factors, taken together, do not support a transfer of venue in this case pursuant to  28 U.S.C. § 1404.  Accordingly, it is

ORDERED that Defendant's Motion And Brief To Transfer Venue Pursuant To 28 U.S.C. § 1404 (Doc. No. 4) is denied.

DATED at Denver, Colorado, this 15th day of July, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court

---

[12]See e.g. Four Corners Nephrology Assocs., P.C. v. Mercy Medical Center, 464 F. Supp. 2d 1095, 1100 (D. Colo. 2006) (finding, under the circumstances of the case, that a local jury would be better suited to determining facts involving parties operating and events occurring in that region).