# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00175-ZLW-MEH

DAVIS AUDIO VISUAL, LLC,

    Plaintiff,

v.

RICHARD GREER,

    Defendant.

## STIPULATION AND AMENDED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of an order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure ("Discovery Material") by any party or third-party ("Producing Entity") to any party ("Receiving Party"), and shall continue in effect after the conclusion of this litigation.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy or proprietary interests of the Producing Entity.

4. Information designated "ATTORNEYS' EYES ONLY" shall be information that the Producing Entity in good faith regards as confidential or proprietary information that is

particularly sensitive, as well as copies or summaries of such information or materials that otherwise reveal the contents of such information, and includes: (1) proprietary technical information and specifications; (2) proprietary source code; (3) trade secrets; (4) highly confidential business or financial information; and (5) any other information the disclosure of which is likely to cause substantial competitive harm to the Producing Entity.

5. All or any portion of any Discovery Material may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY provided such designation is made in good faith and, once designated, such material shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as appropriate, under the terms of this Order. CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL Discovery Materials shall not, without the consent of the party producing them or further Order of the Court, be disclosed *except that* such Discovery Materials may be disclosed to:

    (a) the Receiving Party, including the designated representative thereof;

    (b) counsel for the Receiving Party and persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (d) the Court and its employees ("Court Personnel");

      (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (f) deponents, witnesses, or potential witnesses; and

      (g) other persons by written agreement of the parties.

7. ATTORNEYS' EYES ONLY Discovery Materials shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

      (a) counsel for the Receiving Party;

      (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      (c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (d) Court Personnel;

      (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (f) deponents, witnesses, or potential witnesses; and

      (g) other persons by written agreement of the parties.

8. Prior to disclosing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as

Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9. Documents are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

10. Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information and the Producing Entity, if different than the designating entity. The written notice shall identify the information to which the objection is made.

    A. In the event that the information was originally produced by a party, if the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such

a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

    B.    In the event the information was originally produced by a non party, if the parties cannot resolve the objection within twenty business days after the time the notice is received, it shall be the right of the party seeking to change the designation of the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting the change. If such a motion is filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party or non-party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

    12.  At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or

ATTORNEYS' EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14. If any party seeks written documents concerning the other party or its agents, affiliates, employers, or representatives, from non-parties to this litigation, then the subpoenas used shall require the production of documents at the offices of opposing counsel. In the case of subpoenas that reasonably call for information regarding Event Technology Services, LLC, then production shall be required at the offices of Douglas Bracken at Underwood, Perkins, and Ralston, P.C., 5420 LBJ Freeway Suite 1900, Dallas, Texas 75240 (the "Receiving Counsel").

15. Upon receipt of the documents, Receiving Counsel shall have ten business days to review the provided information, designate it as CONFIDENTIAL or ATTORNEYS' EYES ONLY if necessary, and deliver all documents to counsel for the party who issued the subpoena.

16. If documents designated as ATTORNEYS' EYES ONLY are to be used as deposition exhibits, then the deposition room shall be cleared of clients during the examination and those portions of the deposition transcript shall be marked "ATTORNEYS' EYES ONLY" and disclosed only as provided in this Order.

17. The procedure described in paragraphs 14-16 of this Order shall be used regarding the previously-issued subpoenas that were the subject of this court's orders of May 28 and June 25, 2009, except that the time deadline set out in ¶15 shall not apply, but rather the court's prior

orders regarding timing shall control. The parties hereto shall jointly communicate with the subpoenaed parties to ensure compliance herewith.

DATED at Denver, Colorado, this 20th day of July, 2009.

BY THE COURT:

s/ Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| By: *s/Barry Boughman* | By: *s/ John M. Tanner* |
|---|---|
| Steven M. Feder | John M. Tanner |
| Barry Boughman | Susan F. Fisher |
| Feder Law Firm | Fairfield & Woods, P.C. |
| 730 – 17th Street, Suite 550 | 1700 Lincoln Street, Suite 2400 |
| Denver, Colorado  80202 | Denver, Colorado  80203-4524 |
| Telephone:  (303) 221-5599 | Telephone:  (303) 830-2400 |
| *Attorneys for Plaintiff Davis Audio Visual, LLC* | *Attorneys for Defendant Richard Greer* |

## EXHIBIT A

## AFFIDAVIT

STATE OF _____  )
                                   ) ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

1.     I have read the Stipulation and Amended Protective Order in *Davis Audio Visual, LLC v. Richard Greer*, Civil Action No. 09-cv-00175-ZLW-MEH, in the United States District Court for the District of Colorado, a copy of which is attached to this Affidavit.

2.     I have been informed by _____, counsel for _____, that any materials provided to me which are marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are subject to the provisions of the Stipulation and Amended Protective Order.

3.     I promise that I have not divulged and will not divulge, or undertake to divulge, to any person or recording device any CONFIDENTIAL or "ATTORNEYS' EYES ONLY" information shown or told to me except as authorized in the Stipulation and Amended Protective Order. I will not use the CONFIDENTIAL or "ATTORNEYS' EYES ONLY" information for any purpose other than this litigation.

4.     I agree to be bound by the provisions of the Stipulation and Amended Protective Order. For the purposes of enforcing the terms of the Amended Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

_____
(Signature)

_____
(Print or Type Name)
Address: _____
Telephone No.: (\_\_\_\_) \_\_\_\_\_-_____